## Rogers v. New York Life Ins. & Trust Co.

(*Supreme Court, General Term, Second Department.*  May 17, 1888.)

DEPOSITARIES—COMPENSATION — HOLDING FUND AFTER TIME FIXED BY CONTRACT UNDER ORDER OF COURT.

A trust company held funds, belonging to a person of unsound mind, deposited by his so-called trustee under an agreement as to the compensation.  Upon the death of the beneficiary, the trustee became his administrator, and, on his application, the surrogate ordered that the fund remain in the company's custody, subject to the court's order.  *Held*, that the contract fixed the compensation after as well as before the order of the surrogate, since the order merely perpetuated the agreement of the parties.

Appeal from judgment on report of referee.

Appeal by defendant from a judgment of the special term confirming the report of a referee.   Robert Rogers, individually and as administrator of George D. Rogers, brought this action against the New York Life Insurance & Trust Company, for an accounting and distribution of funds deposited with it by plaintiff while acting as a trustee for George D. Rogers, a person of unsound mind, but who had never been judicially declared *non compos*.   The moneys were so deposited under an express agreement that the company should charge a certain per cent. on the income as compensation.   After the death of George D. the plaintiff was appointed administrator of his estate, and in

order to reduce his bond, which would otherwise be very large, the surrogate made an order that the funds remain in the custody of the trust company, subject to the order of the surrogate. In this action the company claimed an increased compensation, as depositary, after the surrogate's order, of 1 per cent. on the principal. This claim was disallowed by the referee, and his report was confirmed by the special term, BARNARD, J., writing the following opinion: "Under the peculiar situation of the funds, I think the report is right. The same person is trustee, so called, and administrator of the beneficiary of the original funds. It is true that the trusteeship had no legal basis, but both trustee and beneficiary acted under it, and, until office found, the trust was good as between the parties. It is also true that the trusteeship died with the beneficiary, except that the trustee must account. This accounting would be to the administrator; but, as before observed, the same person is trustee and administrator. The order restricting the taking possession of the securities by the administrator was for the purpose of lessening the bond. Now, the order to pay the trustee and administrator is safe; $100,000 bond is given by him; one-fifth of the fund is still to be held by the trust company, and one-fifth belongs to the trustee as one of the distributees. The order protects the trust company, and that is all which it needs in the matter. The old agreement with the trustee should govern. No new responsibility is assumed by it under the surrogate's order that the securities remain until further order with the trust company. The report is therefore confirmed." From the judgment entered in accordance with this decision the defendant appealed.

*Emmet & Robinson,* for appellant. *George H. Clark,* for respondent.

PRATT, J. The court at special term is correct in holding that no increased responsibility devolved upon the trust company by the surrogate's order that the fund should remain in its custody. That order merely ratified and perpetuated a situation already created by agreement of the parties, and affords no reason for increasing the compensation of the depositaries. If their agreed compensation was adequate during the life-time of George D. Rogers, no reason is perceived why it should be inadequate after the appointment of his administrator. The source of the trusteeship was changed, but the trustee was the same, and we think the estate should have the advantage of the contract made while he was acting under his original authority. The judgment must be affirmed, with costs.